# United States Court of Appeals for the Fifth Circuit

No. 20-40227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

REUBEN GLEN STAFFORD, *also known as* REUBEN STAFFORD, *also known as* RUBEN GLEN STAFFORD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-834-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Rueben Glen Stafford was convicted by a jury of conspiracy to transport undocumented aliens and transportation of an undocumented alien, and he was sentenced below the advisory guideline range to five months

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40227

of imprisonment and three years of supervised release. Stafford challenges the denial of his motion to suppress his oral statements, arguing that agents lacked a particularized, objective basis for reasonable suspicion based on the totality of the circumstances to justify his detention and questioning.

We normally review a district court's legal conclusions de novo and its factual determinations for clear error, viewing the evidence in the light most favorable to the Government as the prevailing party in an appeal of the denial of a motion to suppress. *See United State v. Wright*, 777 F.3d 769, 773 (5th Cir. 2015). However, because this was not the same argument Stafford made in the district court in his motion to suppress, we review Stafford's unpreserved arguments for suppression only for plain error. *See United States v. Vasquez*, 899 F.3d 363, 372-73 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1543 (2019); FED. R. CRIM. P. 12(b)(3)(C); *accord United States v. De Jesus-Batres*, 410 F.3d 154, 158 (5th Cir. 2005).

Our de novo review of the record shows that the agents possessed specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted detaining Stafford for questioning. The record supports the conclusion that agents had reasonable suspicion based on their observations and experience to believe that criminal activity may have been afoot. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). We conclude that the district court did not commit plain error in denying Stafford's motion to suppress. *See Vasquez*, 899 F.3d at 373.

AFFIRMED.